IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CENTRAL PARK APARTMENTS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 1:15-CV-00496-TWT-JCF |
| DANA MAHAFFEY, | : | |
| | : | |
| Defendant | : | |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Defendant, proceeding *pro se*, seeks leave to remove to this Court a dispossessory action filed by Plaintiff in the Magistrate Court of Fulton County (*see* Doc. 1-1) without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). After consideration of the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 1), the Court **GRANTS** Defendant's request to proceed *in forma pauperis* for the limited purpose of determining whether this action has been properly removed to this Court. For the reasons discussed below, the undersigned finds that this Court lacks subject matter jurisdiction over this action, and therefore, it is **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Fulton County.

1

## Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  "Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 Fed. Appx. 11, 15 (11th Cir. 2010) (unpublished decision) (citing 28 U.S.C. §§ 1331, 1332).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship [pursuant to 28 U.S.C. § 1332], federal-question jurisdiction [pursuant to 28 U.S.C. § 1331] is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"When determining subject-matter jurisdiction, a court must construe the removal statute narrowly and resolve any uncertainties in favor of remand." *Ashley v. Bank of Am., N.A.*, No. 1:11-CV-3762-RWS, 2012 U.S. Dist. LEXIS 86793, at *4 (N.D. Ga. June 21, 2012) (citing *Burns v. Windsor Ins.*, 31 F.3d 1092,

1095 (11th Cir. 1994)).  "Further, the party seeking removal bears the burden of establishing federal jurisdiction."  *Id.*; *see also Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.").

Defendant indicates that removal is predicated on federal question jurisdiction.  (*See* Doc. 1-1 at 2; Doc. 1-2 at 1).  "The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and that rule "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a) . . . ."  *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 and n.2 (2002).  The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc.*, 482 U.S. at 392.  Defenses or potential defenses, even those arising under federal laws or the United States Constitution, are ignored in determining whether a federal question has been raised by the plaintiff's complaint.  *See Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); *Pan Am. Petroleum Corp. v. Superior Court of Del.*, 366 U.S. 656, 663 (1961) (If the plaintiff does not raise a

3

federal question in the complaint, "it is no substitute that the defendant is almost certain to raise a federal defense"); *Bd. of Educ. of the City of Atlanta v. Am. Fed'n of State, County and Mun. Employees*, 401 F. Supp. 687, 690 (N.D. Ga. 1975) ("Stated simply, a federal district court's original federal question jurisdiction must be posited upon the plaintiff's pleading of his own case, and not by defendant's response or even plaintiff's anticipation of a federal element in that response.").

Here, Defendant alleges that Plaintiff's dispossessory action violates the Civil Rights Act of 1968. (*See* Doc. 1-1 at 2-3). She has not shown, however, that *Plaintiff* raised a federal claim in the underlying action. (*See* Doc. 1-1 at 5-6). Instead, the underlying action—in which Plaintiff seeks to dispossess Defendant from the subject premises—arises under state law. *See CF Lane, LLC v. Bynum*, No. 1:14-cv-2167-WSD, 2014 U.S. Dist. LEXIS 94076, at *4 (N.D. Ga. July 11, 2014) ("Plaintiff's Complaint is a dispossessory warrant which is based solely on state law."). Because the original complaint does not contain a federal claim, Defendant has not shown that this Court has subject matter jurisdiction over this action, so removal is improper. The undersigned therefore **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County.

The Clerk is **DIRECTED** to terminate the reference of his case to the undersigned Magistrate Judge.

**IT IS SO ORDERED, REPORTED and RECOMMENDED** this 23rd day of February, 2015.

                                                  /s/ *J. CLAY FULLER*
                                                  J. CLAY FULLER
                                                  United States Magistrate Judge